# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20717

SULTANA ENTERTAINMENT, L.L.C.,

      Plaintiff - Appellant

v.

ELISEO ROBLES GUTIERREZ; ISRAEL GUTIERREZ LEIJA; MANOLO ROBLES PEREZ,

      Defendants - Appellees

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-702

Before STEWART, Chief Judge, and DENNIS and WILLETT, Circuit Judges.
PER CURIAM:*

      Before us is an appeal from the district court's enforcement of the parties' forum selection clause through its dismissal of this case under Federal Rule of Civil Procedure 12(b)(6) and the doctrine of *forum non conveniens*. Because, as explained below, we lack the benefit of any analysis from the district court in its order of dismissal, we REMAND for the district court to explain its

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasons, including any findings and analysis relevant to its *forum non conveniens* determination, within 30 days of this order.

Sultana Entertainment, LLC (Sultana), an artist management company, sued the members of musical group La Leyenda individually (Defendants) in Texas state court, alleging breach of contract and unfair competition, and seeking declaratory and injunctive relief. Defendants removed to the Southern District of Texas based on diversity of citizenship, as all Defendants reside in Mexico. Defendants then moved for dismissal pursuant to a representation agreement. The representation agreement's forum selection clause states, as translated from Spanish and attached to Defendants' motion:

> For interpretation nor [*sic*] compliance purposes or any other circumstance in connection to this agreement, the parties agree being subject to the laws of the State of Nuevo Leon, Mexico and to the Jurisdiction and Competence of the Court of Monterrey, N.L., waiving any other venue which could correspond to them by reason of its present or future address.

The district court signed the proposed order attached to Defendants' motion to dismiss, which, in its entirety, states: "After considering [the Defendants'] Motions to Dismiss for Forum Non Conveniens and to Dismiss Pursuant to Rule 12(b)(6), Defendants' brief in support, the relevant law and facts, and [Sultana's] response, the Court GRANTS the motion and DISMISSES [Sultana's] suit without prejudice."

Dismissals based on *forum non conveniens* are subject to mixed appellate review. "We review the district court's interpretation of the [forum selection clause] and its assessment of that clause's enforceability *de novo*," but "review for abuse of discretion the [district] court's balancing of the private- and public-interest factors." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 767–68 (5th Cir. 2016). We review dismissal under Rule 12(b)(6) *de novo*, "accepting all

No. 17-20717

well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (internal quotation marks omitted).

In the context of dismissal for *forum non conveniens*, the district court's lack of explanation for its determination that the action should be dismissed poses a special problem. Although there is generally no "inflexible rule requiring district courts to file a written order explaining their decisions," *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989), we have held that, in the context of a motion to dismiss for *forum non conveniens*, "[i]t is an abuse of discretion for a district court to grant or deny" such a motion "without written or oral explanation," including "address[ing] and balanc[ing] the relevant principles and factors of the doctrine." *In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283, 290 (5th Cir. 2015) (cleaned up); *see also In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147, 1166 (5th Cir. 1987) (en banc), *vacated on other grounds sub nom. Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032 (1989), *reinstated in part by In re Air Crash Disaster Near New Orleans, La.*, 883 F.2d 17 (5th Cir. 1989) (en banc) ("[A] district court abuses its discretion when it fails to address and balance the relevant principles and factors of the doctrine of forum non conveniens."). In light of this binding precedent, we cannot affirm the district court's dismissal on *forum non conveniens* grounds based on the current record.[1]

---

[1] Although Defendants argue that the district court's dismissal is also justified under Rule 12(b)(6), we decline to pass on this issue at this time. Whether Rule 12(b)(6) is a valid mechanism to enforce a forum selection clause is an issue of first impression in this Circuit. The Supreme Court held in *Atlantic Marine Construction Co. v. U.S. District Court for Western District of Texas*, 571 U.S. 49, 61 (2013), that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." However, the Court in *Atlantic Marine* declined to address whether dismissal under Rule 12(b)(6) could also be used to enforce forum selection clauses, such that some circuits have continued to allow this practice after *Atlantic Marine*. *See Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 767–68 (5th Cir. 2016) (noting the First Circuit's continued

No. 17-20717

Accordingly, a limited remand is appropriate to allow the district court the opportunity to explain its reasons for dismissal. We therefore REMAND with instructions that the district court enter its reasons for dismissal within thirty days of this order. After entry of such reasons, the case will be returned to this panel, which retains jurisdiction during the pendency of this limited remand.

---

adherence to the "Rule 12(b)(6) method of [forum selection clause] enforcement instead of the Supreme Court's recommended [*forum non conveniens*] approach"). However, the Fifth Circuit has never adopted a rule allowing enforcement of forum selection clauses through Rule 12(b)(6). *See id.*